22 C. C. P. A. (Patents)

### In re MAINS.

**Patent Appeal No. 3495.**

Court of Customs and Patent Appeals.
June 3, 1935.

Murray & Zugelter, of Cincinnati, Ohio (George Murray Paddack, of Cincinnati, Ohio, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the examiner, rejecting appellant's claim for a design patent in view of the prior art. Said claim reads as follows: "The ornamental design for a Horse Collar Pad, as shown, and described."

The application relates to a design for a horse collar pad of the form shown in the drawing. The hooks upon the pad in the drawing are lined to represent a contrasting color, which the application states is red.

The references relied upon are:
Fetzer, 725,643, April 14, 1903.
McClain, 876,077, January 7, 1908.
McClain, 892,072, June 30, 1908.

Appellant concedes that the pad disclosed by him is of the same general form shown in the references, and that the only novelty in his design results from coloring the hooks of the pad red.

Concurring in the view of the examiner that the design shown did not involve the exercise of the inventive faculty, the Board of Appeals in its decision said:

"We have given careful consideration to the matter of color of the hooks in connection with the assembly as a whole and reach the same conclusion as that of the examiner, namely, that the difference in color in this relation does not constitute patentable difference in ornamentality. It is possible that red hooks would give a different appearance from that of black hooks but it is merely that which would be obvious or expected and the same as would be true of any other of the numerous colors. There would be a possible dif-

ference of opinion as between different persons as to whether one color was preferred over another but we believe this is only a matter of choice or preference and does not amount to patentable difference in ornamentality. One color would be just as ornamental as any other in this relatively simple relation.

"It is not denied that colors may form a component feature in certain combinations of colors or surface appearance but we are convinced that in the particular case presented here the single feature of making the hooks of red color does not constitute such matter amounting to patentable merits. We have considered the affidavit of Mr. McClain and concede that it is possible that a red hook might be regarded by some individuals as more attractive than a black hook but are of opinion that this does not necessarily prove that the red hook constitutes such contrasting difference over black hooks as to constitute patentable ornamentality. It is regarded as something within the skill of those manufacturing these articles to vary the color as desired."

We are in accord with the views expressed in the above quotation, and we can add nothing thereto.

Appellant in his reply brief contends that if his design is new, original, and ornamental, "it possesses the requisites of an invention as defined by the statutes, by this and by other competent courts." He then contends that, as it is conceded by the Patent Office tribunals and the Solicitor for the Patent Office that his design is novel, it is therefore patentable.

Appellant is in error in this contention. The design statute, Rev. St. § 4929, 35 U. S. C. § 73 (35 USCA § 73), provides that, "Any person who has *invented* any new, original, and ornamental design," etc. (Italics ours.) This court has expressly held that it is not enough that a design be new, original, and ornamental, but that it must also be the result of the exercise of the inventive faculty. In re Hall, 69 F.(2d) 660, 21 C. C. P. A. (Patents) 937; In re Walter, 39 F.(2d) 724, 17 C. C. P. A. (Patents) 982.

Nothing in the case of In re Davies, 73 F.(2d) 495, 22 C. C. P. A. (Patents) 724, indicates any modification of the views expressed in the last above-cited cases, but the decision therein is in comformity with the views expressed in said prior decisions.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.